■ In the Matter of the Claim of CANDIDA BRUNO, Respondent, v. 414 WEST 23RD ST. CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for reduced earnings found to have resulted from disability due to back and head injuries which permitted claimant to perform the lighter duties of her job as an apartment house superintendent but prevented her from doing heavy work such as handling garbage and cleaning the premises, for which she hired a substitute at $12.50 per week, meanwhile continuing to receive from her employer her full cash wages of $15 per month plus rent free apartment and utilities; the board computing her total compensation as $13.85 per week (actually $16.15 apparently) and finding that since she had to expend $12.50 per week for her substitute "she suffered an actual loss of earnings of $12.50 weekly and is therefore entitled to 66⅔% of $12.50, but not less than $12 per week during the period in question ". We find no tenable basis for appellants' attack upon the credibility of the testimony as to the hiring of the substitute and his performance of the heavy work, adduced from claimant, the substitute and the employer's managing agent. Neither do we perceive any merit in appellants' denial of any "decreased earnings or earning capacity " (Workmen's Compensation Law, § 15, subd. 6) on the ground that the employer continued to pay claimant's wages and to supply the apartment and the utilities service. That the result is no different than it would have been if the employer had paid the substitute and reduced claimant's compensation accordingly is too obvious to require discussion. The procedure is apparently not unusual in cases such as this, the purpose doubtless being to preserve the established home pending recovery, and awards for reduced earnings have been sustained in the past. (Cf. *Matter of Syvertson* v. *Freudenberg*, 7 A D 2d 796; *Matter of Staniszewski* v. *Falls Nat. Bank*, 239 App. Div. 871, 242 App. Div. 745.) Appellants' contention that on cross-examination of claimant's physician they were prevented from developing proof as to whether or not a prior operation contributed to the disability in issue here seems plainly groundless. In the first place, it is not at all clear that they were so prevented. In any event, counsel did not indicate any purpose such as he now contends for but stated that the carrier had "never questioned the prior operation as being causally related or not causally related "; and there was no intimation in appellants' medical proof of the possibility of any relationship. Finally, the physician questioned specifically denied any relationship. A similar objection that appellants were prevented

from cross-examining claimant as to her employment of the same substitute, following the surgery not shown to be related and prior to the accident, is likewise without merit. · Both claimant and the substitute worker testified to the latter's doing claimant's work at that time and even now appellants do not indicate the purpose of further cross-examination. Finally, appellants attack as contradictory and inconsistent the medical proof of causal relation during the period of the award appealed from, but we find that such proof constituted substantial evidence which the board was entitled to accept. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.